UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: CHANTIX (VARENICLINE) MARKETING, SALES
PRACTICES AND PRODUCTS LIABILITY LITIGATION (No. II)    MDL No. 3050

TRANSFER ORDER

**Before the Panel:**[*] Plaintiff in one action (*County of Monmouth*) moves under 28 U.S.C. § 1407 to centralize this litigation in the District of New Jersey. This litigation consists of eight actions pending in seven districts, as listed on Schedule A. Since the filing of the motion, the Panel has been notified of eight additional related actions – one in the Northern District of Illinois, one in the District of Massachusetts, two in the District of Minnesota, one in the District of Oregon, one in the Eastern District of Pennsylvania, and two in the Eastern District of Washington.[1]

Responding plaintiffs in all actions support centralization, and most request the District of New Jersey or the Southern District of Florida in the first instance or in the alternative. Plaintiffs in three actions additionally propose the District of Minnesota and the District of Massachusetts as potential transferee districts. Common defendant Pfizer, Inc., opposes centralization under Section 1407 in favor of using Section 1404 or the first-to-file rule to achieve transfer of the actions to a single district for all purposes, including trial. Alternatively, Pfizer requests the Southern District of New York as transferee district.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These putative class actions present common factual questions arising out of allegations that Pfizer voluntarily recalled the smoking cessation drug Chantix in 2021 after discovering that the product contained a nitrosamine impurity known as N-nitroso-varenicline, a probable human carcinogen. Plaintiffs in all actions allege that they purchased or ingested Chantix containing the impurities and, as a result, suffered economic losses and require medical monitoring. The common factual questions include: (1) the duration and levels of the alleged contamination; (2) whether the nitrosamine levels posed a safety risk to consumers or made the products unfit for sale; (3) whether Pfizer knew or should have known that the products contained nitrosamines; (4) whether Pfizer was negligent in labeling, marketing, advertising, manufacturing,

---

[*] Judge Madeline Cox Arleo did not participate in the decision of this matter.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

and selling the affected products; (5) the events pertaining to the Pfizer recalls of Chantix; and (6) the appropriate measure of any damages.[2] Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

In opposing centralization, defendant principally argues that transfer under Section 1404 or the first-to-file rule is practicable and preferable to centralization, noting, *inter alia*, that such transfer would enable the actions to be consolidated for all purposes including trial and two of the sixteen related actions have been transferred. On a number of occasions, the Panel has denied centralization where a "reasonable prospect" exists that Section 1404 or first-to-file motions will eliminate the multidistrict character of a litigation. *See In re Gerber Probiotic Prods. Mktg. & Sales Practices Litig.*, 899 F. Supp. 2d 1378, 1379-80 (J.P.M.L. 2012). The mere pendency of such motions, though, is not necessarily sufficient to defeat centralization. We look to other circumstances to determine whether there is a reasonable prospect that the Section 1404 motions will resolve the difficulties posed by duplicative multidistrict litigation including, for example, the number of involved districts; the amenability of counsel to Section 1404 transfer; orders addressing transfer in the underlying actions; and the likelihood of potential tag-along actions. *See In re Chrysler Pacifica Fire Recall Prod. Liab. Litig.*, MDL No. 3040, __ F. Supp. 3d __, 2022 WL 3134131 (J.P.M.L. Aug. 3, 2022).

Here, we find that defendant's pending and anticipated transfer motions in the fourteen actions outside of the Southern District of New York do not provide a practicable alternative to centralization, given the number of actions, districts, and involved counsel. Those actions are pending in eleven districts and involve at least eight distinct slates of plaintiffs' counsel. Additionally, the record indicates that the parties have been in contentious litigation over transfer motions for more than a year, which has resulted in only two transfers, and that plaintiffs oppose defendant's transfer motions in all pending actions. These circumstances portend significant inefficiencies and obstacles to transfer of these actions to a single district under Section 1404 or the first-to-file rule.

We conclude that the Southern District of New York is the appropriate transferee district for this litigation. Defendant Pfizer has its headquarters in this district, and represents that common evidence and witnesses are located there. Three actions are pending in or near this district. We assign this litigation to the Honorable Katherine Polk Failla, an experienced jurist who has not yet had the opportunity to preside over an MDL. We are confident that she will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Katherine Polk Failla for coordinated or consolidated pretrial proceedings.

---

[2] We find it unnecessary to recaption the MDL "*In re: Chantix (Varenicline) Consumer Litigation*" as defendant requests. The current caption and the text of this order effectively provides notice to the involved courts and the general public of the nature of the litigation.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton         Matthew F. Kennelly
David C. Norton              Roger T. Benitez
Dale A. Kimball

IN RE: CHANTIX (VARENICLINE) MARKETING, SALES
PRACTICES AND PRODUCTS LIABILITY LITIGATION (No. II)    MDL No. 3050

## SCHEDULE A

<u>Northern District of California</u>

SEELEY v. PFIZER, INC., C.A. No. 3:21−07892

<u>Southern District of Florida</u>

HOUGHTON v. PFIZER, INC., C.A. No. 1:21−23987

<u>Southern District of Illinois</u>

EVANS v. PFIZER, INC., C.A. No. 3:21−01263

<u>District of New Jersey</u>

COUNTY OF MONMOUTH v. PFIZER, INC., C.A. No. 3:22−02050

<u>Southern District of New York</u>

ABREU v. PFIZER, INC., C.A. No. 1:22-cv-01433
MSP RECOVERY CLAIMS SERIES 44, LLC, ET AL. v. PFIZER, INC.,
   C.A. No. 1:22-cv-09837

<u>Eastern District of Pennsylvania</u>

EDWARDS v. PFIZER, INC., C.A. No. 2:21−04275

<u>Western District of Pennsylvania</u>

DUFF v. PFIZER, INC., C.A. No. 2:21−01350